Dear Ms. Rosenberg:
We are in receipt of your request for an Attorney General's opinion with regard to the recall petition directed toward Rodney B. Jordan, Mayor, Village of Florien, Parish of Sabine. The registrar of voters certified the recall petition on January 28, 2003 and has presented same to the governor. Therefore, you have requested an opinion as to whether the governor should issue a proclamation ordering an election to be held for the purpose of voting on the question of recall for the office of Mayor, Village of Florien, held by Rodney B. Jordan.
With regard to recall petitions, LSA-R.S. 18:1300.3 (C) requires the registrar to send the original petition to the governor immediately after certification. Section 1300.7 requires the governor to issue a proclamation, within fifteen days after the petition is presented to him, to order an election to be held for the purpose of voting on the question of recall of the officer if the required number of registered voters signthe petition for recall.
LSA-R.S. 18:1300.3 requires the registrar to certify to (1) the number of names on the petition; (2) the number of qualified electors of the voting area within the parish whose handwritten signatures appear on the petition; (3) the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state; and to indicate on the petition the number of names who are not electors of the voting area.
The registrar has certified as follows:
NUMBER OF NAMES APPEARING ON ORIGINAL PETITION = 197
NUMBER OF VALIDATED NAMES ON ORIGINAL PETITION = 135
NUMBER OF WRITTEN REQUEST TO BE ADDED TO PETITION = 0, VALIDATED = 0
NUMBER OF VOTERS WRITTEN REQUEST TO BE STRICKEN FROM PETITION = 60, VALIDATED = 58
TOTAL NUMBER OF VALIDATED ELECTORS OF THE VOTING AREA = 135
TOTAL NUMBER OF ELECTORS TO THE VOTING AREA = 412
LSA-R.S. 18:1300.2 (B) requires a recall petition to be "[s]igned by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area wherein and for which a recall election is petitioned; however, where fewer than one thousand qualified electors reside within the voting area, the petition shall be signed through the handwritten signatures by not less than forty percent of said electors." The registrar certified that the total number of voters registered in the voting area is 412. Therefore, in calculating forty percent [40%] of 412, a total of 165 valid signatures are required on the recall petition for the governor to issue a proclamation for a special election.
The registrar certified a total of 135 valid signatures on the recall petition, which total includes the 58 validated requests to be stricken from the petition. This 135 total number of validated signatures doesnot meet the required forty percent. Therefore, it is the opinion of this office that the validated signatures on the recall petition are not
sufficient in number for the governor to issue a proclamation ordering a special election on the question of recall for Rodney B. Jordan, Mayor, Village of Florien, Parish of Sabine.
We are also in receipt of a comment letter from Mr. Kenny W. Hopkins and others, wherein they allege that signatures were deleted from the petition without being dated or witnessed, all in violation of the law. R.S. 18:1300.3 (B) authorizes the addition or deletion of signatures from a recall petition:
 B. The registrar of voters shall honor the written request of any voter who either desires to have his handwritten signature stricken from the petition or desires to have his handwritten signature added to the petition at any time after receipt of the signed petition as provided in R.S. 18:1300.2 (C) but prior to certification of the petition or within five days after receipt of such signed petition, whichever is earlier.
This law does not set forth any specific formality for the addition or deletion of signatures on recall petitions. R.S. 18:3 sets forth specific formalities for petitions in general and also allows for the addition or deletion of signatures from a petition if the law expressly authorizessame. Since R.S. 18:1300.3 (B) expressly authorizes the addition or deletion of signatures on a recall petition, it can be done and the registrar is required to honor it.
The issue presented by Mr. Hopkins is whether the law directs the registrar to only honor a request to delete a name from a recall petition if the request is in some sort of specific form, such as the petition with requirements of being dated, witnessed, including the signer's ward/district/precinct, date of birth, and address.
By law, a petition for recall must be on an approved form or on a form which contains the same information as the approved form in order to be valid and the circulators have 180 days in which to gather signatures. R.S. 18:1300.2. "Each elector, at the time of signing the petition, shall enter his address and the date on which he signed . . .". R.S. 18:1300.2
(D). The dated signature, therefore, is important in determining whether the signature was gathered within the time period allowed by law. "In addition, each petition shall be in compliance with the provisions of R.S. 18:3." This law requires specifics such as address, date of birth, ward/district/precinct of the elector. All of this information helps the registrar to identify the person, especially if the signature is a common name, to verify the signature on the petition.
The Election Code is very specific, however, as to when a registrar shall not count a signature. Those instances are when the signature is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar, except when adding or deleting names prior to certification or within 5 days after the registrar receives the petition, whichever is earlier. R.S. 18:1300.2
(D), 1300.3(B). Additionally, the registrar is directed by law to not count the signature of any person who fails to put his address at which he is registered to vote on the petition, or any person whose name does not appear on the registrar's roll of electors. R.S. 18:3 (C).
It is our opinion that when a signature is requested to be added to the petition after it has been presented to the registrar, that request must meet the formalities required for gathering signatures, since it is a new signature. Therefore, if the signature is not dated and/or has no registration address, the registrar shall not count it. On the other hand, it is our opinion that when a request is made to delete a signature which is already on the petition and thus, has already met the formalities required by law, other than being a valid signature, it does not have to meet the requirements of either signing or adding a signature to the petition, since the signature has already been certified on the petition.
In conclusion, we are of the opinion that the registrar properly accepted and validated the requests to have signatures withdrawn from the petition, even where the requests were not in the formality required for signing the petition. We point out that this issue, however, has not been addressed either by the legislature or the courts, except that the legislature has provided recourse for the contesting of the failure of the governor to issue a proclamation, such as in the case here:
 F. An action contesting the certification of a recall petition shall be instituted within fifteen days after the governor has issued the proclamation ordering the recall election or within fifteen days after the last day for the governor to call the election if no recall election is called. Ms. Kimberly Wooten Rosenberg
R.S. 18:1405 (F). Thus, recourse for the failure of the governor to issue a proclamation ordering an election on the recall election in this matter is court action.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:mjb Enclosures arl/opinions/2003/03-0061
cc: Hon. Rodney B. Jordan Registrar, Kristi A. McCormick Hon. W. Fox McKeithen Hon. Suzanne H. Terrell Kenny W. Hopkins